Peter D. Navarro
Nevada Bar No. 10168
Cecilia M. Romero
(Admitted Pro Hac Vice)
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134
Phone: (702) 222-2508
Fax: (702) 823-0335
pdnavarro@hollandhart.com
cmromero@hollandhart.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRYSTAL WEST, ANTWANE SIMS and DONNA PEEBLES, <br><br> Plaintiff, <br><br> vs. <br><br> BRAHMA GROUP, INC., a corporation, <br><br> Defendant. | Case No.: 2:16-cv-00733-APG-GWF <br><br> **REVISED** **CONFIDENTIALITY AGREEMENT AND STIPULATION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER** |

The undersigned agree as follows:

1. During the course of this litigation, a party may produce or disclose documents, materials, and information (collectively, "Information") which are confidential, proprietary, trade secret, competitively sensitive, and/or contain personal information, including personal health information as contemplated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  Similarly, such Information may be disclosed by written discovery, deposition testimony (to the extent taken), or in other filings with the Court.  Accordingly, the parties submit this Confidentiality Agreement and Stipulation for Entry of a Qualified Protective Order (the "Order") for the approval and enforcement of the Court and hereby agree as follows:

2. All Information produced in this litigation and designated as "Confidential" as provided below shall be used solely for the purpose of this litigation, and will not be used or

disclosed outside the context of this litigation and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 7.  Any person receiving such Information designated as Confidential shall restrict its disclosure to persons authorized to receive the Information pursuant to this Order.  A designation is applicable to all copies and reproductions of any Information.  Nothing herein shall be deemed to restrict the right of the producing party to use its own Information that it has designated as Confidential as it chooses.  Nothing in this Order requires either party to produce Information the party believes is privileged or otherwise non-discoverable.  By entering into this Order, the parties do not waive any right to object to any discovery request, to the admission of evidence on any ground, to seek further protective order, or to seek relief from the Court from any provision of this Order.

3. <u>Definition of Confidential Information</u>:  A producing party may designate as Confidential such Information which the producing party believes in good faith constitutes, contains, or reflects personal health information, financial information about a party or other person, personnel information, proprietary, trade secret, and/or competitively sensitive business information, or other information that is not generally known to the public.

4. <u>Designating Information as Confidential</u>:  All or any part of a document, item, testimony, or other Information disclosed, produced, or filed in this litigation may be designated as Confidential by marking the word "Confidential" on the face of the original of the document and each page so designated, or on the face of the photocopy of the document, and on the photocopies of each page so designated.  Oral testimony may be designated as Confidential during the deposition or proceeding, with reasonable precision as to the affected testimony, or within seven (7) business days after receipt of the transcript of such deposition or proceeding by sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential.  All or any part of responses to interrogatories or to requests for admission or for production of documents may be designated as Confidential on the face of the response and each page so designated.

In addition to the foregoing, the parties agree that any personal health information obtained pursuant to a medical release, whether such release is executed by a party to this litigation or by a third party, shall be automatically designated Confidential.  After any such personal health information is obtained pursuant to a medical release, the parties shall mark the word "Confidential" on the face of the original of the document and each page so designated, or on the face of the photocopy of the document, and on the photocopies of each page so designated.

5. <u>Challenging a Designation</u>:  Either party may challenge at any time the propriety of a designation of Information as Confidential.  Before seeking relief from the Court, the parties shall attempt to resolve the dispute informally and in good faith.  If the parties are unable to resolve such dispute, it shall be submitted to the Court.  The Information shall be treated as Confidential pending resolution of the challenge.  The <ins>designating</ins> party <del>challenging the designation</del> shall bear the burden of proving that a designation is <del>in</del>appropriate under this Protective Order and applicable law.

6. <u>No Implied Acknowledgement of Confidentiality</u>:  Compliance with the terms of this Order, production or receipt of Information designated Confidential, and/or allowing Information to be designated Confidential shall not in any way operate as an admission that any particular Information is Confidential.  Failure to challenge the designation of Information as Confidential does not preclude a subsequent challenge.  The designation of Information as Confidential does not create a presumption in favor of or against that designation.

7. <u>Access to Information Designated Confidential</u>:

Access to Information designated **Confidential** is restricted to the following persons:

(a) Counsel of record for the respective parties, including office associates, paralegals, stenographic and clerical employees;

(b) The parties to this action and their representatives, including in-house counsel;

(c) Experts or consultants (including their employees, associates, and/or support staff) provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A who are employed, retained or otherwise consulted by counsel or a

party for the purpose of analyzing data, conducting studies, or providing opinions to assist in any way in the litigation.  Information designated Confidential that is accessed by experts or consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants;

(d) Electronic imaging and/or computer litigation support personnel retained by one or more of the parties in this litigation or by the parties' counsel;

(e) The Court and its personnel, including clerks and stenographic reporters who record deposition of other testimony in this litigation;

(f) Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system; and

(g) Any other person to whom the producing party agrees in writing.

Counsel shall inform each person to whom they disclose or give access to the other party's Information designated Confidential of the terms of this Order, as well as the obligation to comply with its terms.

8. <u>Depositions</u>:  To the extent depositions occur in this litigation, any deponent may be shown or examined on any Information designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure.  Any court reporter who transcribes testimony in this action at a deposition shall be made aware, that all testimony containing Confidential Information is and shall not be disclosed except as provided in this Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record; no such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 7 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those permitted in Paragraph 7 above during said thirty (30) days.  Upon being informed that certain

portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 7 above.

        9.    <u>Inadvertent Disclosure.</u>  To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Order. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

        10.    <u>Subpoena.</u>  In the event that a party receiving any document or information produced in this action designated as Confidential receives a subpoena or other process or order to produce such document or information, such party shall promptly notify the party which produced the designated documents or information, shall furnish that party with a copy of said subpoena or other process or order, and shall keep confidential such information and documents until the subpoena, process or order shall have become final and incontestable. The party that designated

the documents or information as Confidential shall have the burden of defending against such subpoena or other process or order.

11. <u>Previously Produced Information</u>:  This Order does not affect the right of the parties to designate as Confidential any Information which has been produced prior to the entry of this Order.  Any disclosure of such Information prior to its designation as Confidential shall not be deemed a violation of this Order.  This Order shall not prejudice the right of the parties to designate as Confidential the Information a party has inadvertently produced without the sought designation.

12. <u>Filing Documents Under Seal</u>:  Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5.  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).  In the event the Court refuses to allow the filing under seal of such Information designated as Confidential, a party shall still be permitted to file such Information, but it will continue to be treated as Confidential in all other respects.

13. <u>Conclusion of Proceedings</u>:  Within thirty (30) days following termination of this litigation by final judgment, settlement or otherwise (including any appeals):

(a) All Information subject to the provisions of this Order shall be destroyed or delivered to counsel of the producing party or the Third Party that produced the documents.

(b) To the extent any Information designated Confidential is destroyed, counsel for the destroying party shall so represent in writing to counsel for the producing party.

(c) As to Information filed under seal, the producing party shall be obligated to retrieve those documents from the Court and the other party will support any motion to this effect.

14. <u>Jurisdiction and Enforcement</u>: Any person to whom Information designated Confidential is disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring, and adjudging such person's compliance with this Order. This jurisdiction shall survive the termination of this litigation. Any party or person subject to this Order who violates its provisions shall be liable for damages for any injuries or loss suffered by the producing party as a result of such violation.

15. This Order and the agreement embodied herein shall survive the termination of this litigation and continue in full force and effect.

Dated: March ~~22~~24, 2017

By: /s/ Robert P. Spretnak
Robert P. Spretnak, Esq.
bob@spretnak.com
Law Offices of Robert P. Spretnak
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123
Telephone:  (702) 454-4900
(*Signed by Filing Attorney with Permission
 of Plaintiff's Attorney*)

*Attorney for Plaintiff*

Dated: March ~~22~~24, 2017

/s/ Peter Navarro
Peter Navarro
pdnavarro@hollandhart.com
Cecilia M. Romero
cmromero@hollandhart.com
Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134
Telephone:  (702) 222-2508

*Attorneys for Defendant*

**IT IS SO ORDERED**

_____
U.S. MAGISTRATE JUDGE

Dated:_____March 29_____, 2017.

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CRYSTAL WEST, ANTWANE SIMS and DONNA PEEBLES,<br><br>Plaintiff,<br><br>vs.<br><br>BRAHMA GROUP, INC., a corporation,<br><br>Defendant. | Case No.: 2:16-cv-00733-APG-GWF<br><br>**AGREEMENT TO BE BOUND BY QUALIFIED PROTECTIVE ORDER** |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Qualified Protective Order in this case signed by the Court, and I will comply with all provisions of the Qualified Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Qualified Protective Order any Confidential material or any words, summaries, abstracts, or indices of Confidential information disclosed to me.

6. I will limit use of Confidential material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____          _____
                                        [Name]

9664932_2.docx